UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JACQUELINE ANDREWS,

                                Plaintiff,

        -against-

ASA COLLEGE, INC.,
                              Defendant.
---------------------------------------------------------------------X

**AMENDED COMPLAINT**

**Docket No.: 1:14-CV-0687**
(JBW)(JO)

Jury Trial Demanded

JACQUELINE ANDREWS ("Plaintiff"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Amended Complaint against ASA COLLEGE, INC. ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action based upon willful violations that the Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL, N.Y. Lab. Law §652(1); (v) the NYLL's provisions that require an employer to pay wages to an employee in accordance with agreed upon and conditioned terms of employment, §§ 190, 191, and 663(1); (vi) the requirement that employers furnish employees with wage statements containing specific categories of accurate information under the NYLL, § 195(3); (vii) the requirement that employers furnish employees with a wage notice at the time of

hiring and on an annual basis containing specific categories of information under the NYLL, § 195(1); and (viii) any other claim(s) for relief that can be inferred from the facts set forth herein.

2.	Plaintiff commenced her employment with Defendant in September 2009 as an Admissions Recruiter, and worked in that capacity until March 2011, at which time she began working in the Defendant's Financial Aid Department, where she worked until her termination in August 2013.

3.	Throughout her employment, in both positions, Defendant required Plaintiff to work, and Plaintiff did in fact work, seventy-seven hours each week during the year. Defendant, however, during its "overtime off-season" that lasted thirty-four weeks each year, while still requiring Plaintiff to work seventy-seven hours per week, did not permit Plaintiff to record the overwhelming majority of the hours that she worked each week in excess of forty. For those overtime hours that the Defendant forced Plaintiff to work but did not permit her to record, the Defendant paid Plaintiff nothing – not the minimum wage rate, not her straight-time rate, and certainly not at the rate of one and one-half times her straight-time rate. Moreover, during this "overtime off-season," for the few hours that Plaintiff worked over forty each week that the Defendant permitted her to record, for the overwhelming majority of those recorded hours, the Defendant paid Plaintiff only at her straight-time rate and not at one and one-half times that amount. These practices are in flagrant violation of the FLSA, NYLL, and the NYCCRR.

4.	Additionally, Defendant failed to furnish Plaintiff with accurate and/or complete wage statements on each payday, nor did it provide Plaintiff with a wage notice at the time of her hire or on an annual basis, containing all of the information that the NYLL requires.

**JURISDICTION AND VENUE**

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides within this judicial district.

**PARTIES**

7. At all relevant times herein, Plaintiff was and is a resident of Brooklyn, New York, and is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

8. At all relevant times herein, Defendant is a domestic business corporation with its principal place of business located at 151 Lawrence Street, Brooklyn, New York 11201. Defendant is a college and according to its own website, maintains a campus in New York City, and confers degrees in accounting, computer programming, information technology, and medical assisting.

9. At all relevant times herein: Defendant was and is an "employer" within the meaning of the FLSA, NYLL and NYCCRR. Defendant's qualifying annual business exceeds $500,000, and the Defendant and its employees are all engaged in interstate commerce within the meaning of the FLSA because they recruit and enroll students from states other than New York, which subjects Defendant to the FLSA's overtime requirements as an enterprise. Moreover, throughout her employment, Plaintiff actively recruited students from states outside of New

3

York. This independently subjects the Defendant to the FLSA's overtime requirements with respect to Plaintiff.

## BACKGROUND FACTS

**Defendant's Unlawful Wage Practices**

10. In approximately September 2009, Plaintiff began her employment with Defendant as an Admissions Recruiter. In that capacity, Plaintiff's job consisted of calling prospective students to discuss the advantages of enrolling at ASA College.

11. In March 2011, Defendant transferred Plaintiff to its Financial Aid Department, where she worked until her termination in August 2013. In this capacity, Plaintiff's job consisted of advising students on how to avoid a default on their student loans.

12. For her first forty hours worked each week from in or around September 2009 until in or around September 2010, Defendant compensated Plaintiff at an hourly rate that amounts to $10.00 per hour.

13. For her first forty hours worked each week from in or around September 2010 until in or around July 2011, Defendant compensated Plaintiff at an hourly rate that amounts to $13.00 per hour.

14. For her first forty hours worked each week from in or around July 2011 until in or around July 2012, Defendant compensated Plaintiff at an hourly rate that amounts to $13.65 per hour.

15. For her first forty hours worked each week from in or around July 2012 until in or around January 2013, the Defendant compensated Plaintiff at an hourly rate that amounts to $14.27 per hour.

16. For her first forty hours worked each week from in or around January 2013 until her termination in August 2013, the Defendant compensated Plaintiff at an hourly rate of $14.91 per hour.

17. Throughout Plaintiff's employment, and remaining unchanged by her move between departments, the Defendant required Plaintiff to work, and Plaintiff did in fact work, seven days per week, Mondays through Wednesdays from 7:00 a.m. to 7:00 p.m., Thursdays and Fridays from 8:00 a.m. to 8:00 p.m.; Saturdays from 8:00 a.m. to 6:00 p.m., and Sundays from 9:00 a.m. to 4:00 p.m. The Defendant never permitted Plaintiff to take scheduled or uninterrupted breaks during the workday. Thus, Defendant required Plaintiff to work, and Plaintiff did in fact work, seventy-seven hours each week.

18. Defendant designated thirty-four weeks each year as its "overtime off-season." The "overtime off-season" occurred every February 16th through April 30th, June 16th through August 31st, and October 16th through December 31st, for a total of thirty-four weeks each year.

19. For each week of work throughout Plaintiff's employment during the "overtime off-season," Defendant paid Plaintiff her regular rate of pay for the overwhelming majority of hours that Defendant recorded, or that Defendant allowed Plaintiff to record, that Plaintiff worked each week. Defendant did not compensate Plaintiff for the overwhelming majority of hours it recorded that Plaintiff worked each week in excess of forty at the statutorily required overtime rate of one and one-half times her regular rate of pay.

20. For example, during the pay period beginning March 12, 2012 and ending March 25, 2012, Defendant recorded that Plaintiff worked 96.10 hours during that two week stretch, and compensated Plaintiff at her straight time regular rate for all those hours, even though 16.10

hours were in excess of forty hours per week during that pay period. Thus, Defendant did not compensate Plaintiff at the required overtime rate for those recorded hours.

21. In addition, and making matters much worse, is that during this "overtime off season," even though Plaintiff's hours remained unchanged from the rest of the year - - meaning that she continued to work the same seventy-seven-hour schedule - - Defendant did not permit Plaintiff to record the majority of her hours worked over forty each week, and then did not compensate Plaintiff for those hours at *any* rate of pay – not the minimum wage rate, her straight time rate, and certainly not at her overtime rate.

22. For example, during that same pay period beginning March 12, 2012 and ending March 25, 2012, even though Plaintiff worked 154 hours over that two week stretch, Defendant failed to compensate Plaintiff at any rate of pay for the 28.95 hours that she worked during each of those two weeks that were in excess of forty.

23. This pay period is representative of how Defendant paid Plaintiff during the "overtime off season" throughout the course of Plaintiff's employment with Defendant.

24. The Defendant's failure to pay Plaintiff in accordance with the FLSA, NYLL, and NYCCRR was flagrant and willful. One of many facts supporting this is that when Defendant transferred Plaintiff to the financial department, even though it continued to require her to work seventy-seven hours per week, Defendant classified her as "part-time" in some sort of misguided attempt to avoid having to provide her with the health benefits that it provided to full-time employees.

25. Defendant acted in this reckless manner in an effort to maximize its profits and minimize labor costs.

26. In addition to Defendant's wage and hour violations described above, on each biweekly occasion when it paid Plaintiff, Defendant failed to provide Plaintiff with wage statements that accurately set forth the number of hours that she worked each pay period and the number of overtime hours that she worked each pay period.

27. Further, Defendant failed to provide Plaintiff with an accurate wage notice at the time of her hire, and annually, indicating her rate of pay, including overtime pay, how Plaintiff was to be paid, her regular pay day, the official name of Defendant and its address and phone number, and whether any allowances were taken as part of the minimum wage.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*

28. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

30. As described above, Defendant is an employer within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

31. As also described above, Plaintiff worked in excess of forty hours each week, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

32. The Defendant's actions were in willful violation of the FLSA.

33. Plaintiff is entitled to her overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her respective regular rate of pay.

34. Plaintiff is also entitled to liquidated damages, attorney's fees, and costs for the Defendant's violations of the FLSA's overtime provisions.

7

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Minimum Wage Violations of the FLSA*

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

37. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

38. As also described above, Defendant did not compensate Plaintiff at the minimum hourly rate required by the FLSA for all hours worked.

39. Defendant's actions were in willful violation of the FLSA.

40. Plaintiff is entitled to payment at the minimum wage for every hour that she worked for Defendant pursuant to the FLSA's minimum wage provisions.

41. Plaintiff is entitled to liquidated damages, attorney's fees, and costs for Defendant's violations of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINT DEFENDANT
*Unpaid Overtime under the NYLL and NYCCRR*

42. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. NYLL § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

44. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

8

45. As also described above, Plaintiff works in excess of forty hours each week, yet Defendant failed to compensate Plaintiff in accordance with the NYLL's and NYCCRR's overtime provisions.

46. The Defendant's actions were in willful violation of the NYLL and NYCCRR.

47. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at one and one-half times her regular rates of pay.

48. Plaintiff is also entitled to liquidated damages, interest, attorney's fees, and costs for the Defendant's violation of the NYLL's and NYCCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Minimum Wage Violations of the NYLL and NYCCRR*

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 652(1) and the executing provisions of 12 NYCCRR 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

51. As described above, Defendant is an employer within the meaning of the NYLL and NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and NYCCRR.

52. As also described above, Defendant did not compensate Plaintiff at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

53. Defendant's actions were in willful violation of the NYLL and NYCCRR.

54. Plaintiff is entitled to payment at the minimum wage for every hour that she worked for Defendant pursuant to the NYLL's and NYCCRR's minimum wage provisions.

55. Plaintiff is also entitled to liquidated damages, interest, attorney's fees, and costs for the Defendant's violations of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay Wages in Violation of the NYLL*

56. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

57. NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

58. Defendant failed to compensate Plaintiff at her regular rate of pay for each hour that she worked in accordance with her terms of employment.

59. Defendant's actions were in willful violation of the NYLL.

60. Plaintiff is entitled to recover, at her regular rate of pay, for all hours that she worked for Defendant but for which she was not compensated.

61. Plaintiff is also entitled to liquidated damages, interest, and attorney's fees for Defendant's failure to pay Plaintiff her wages in accordance with the agreed upon terms of employment.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

64. As described above, the Defendant willfully failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

65. Pursuant to N.Y. Lab. Law § 198(1-d), the Defendant is liable to Plaintiff in the amount of $100 for each failure of this sort.

66. For its failure, besides the statutory penalties, the Defendant is also liable to Plaintiff for liquidated damages and attorneys' fees.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

67. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire and on an annual basis containing accurate, specifically enumerated criteria.

69. As described above, the Defendant willfully failed to provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

70. Pursuant to NYLL § 198(1-b), the Defendant is liable to Plaintiff in the amount of $50 for each workweek after the violations initially occurred.

71. For its failures, in addition to the statutory penalties, the Defendant is also liable to Plaintiff for liquidated damages, attorneys' fees, and costs.

### DEMAND FOR A JURY TRIAL

72. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment against Defendant as follows:

a. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with

them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

b. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws.

c. An order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

d. Damages that Plaintiff has sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law, that Plaintiff has incurred due to the Defendant's conduct;

e. Liquidated damages and all other statutory penalties as recoverable under the FLSA and New York Labor Law;

f. Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

g. Pre-judgment and post-judgment interest, as provided by law; and

h. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       February 17, 2016

    Respectfully submitted,
    BORRELLI & ASSOCIATES, P.L.L.C.
    *Attorneys for Plaintiff*
    1010 Northern Boulevard, Suite 328
    Great Neck, New York 11021
    Tel. (516) 248 - 5550

By: /s/ Louis M. Leon
    LOUIS M. LEON (LML 2057)
    ALEXANDER T. COLEMAN (AC 8151)
    MICHAEL J. BORRELLI (MB 8533)